By the Court.—Curtis, Ch. J.
This action was brought to recover $115.49, the value of certain merchandise, claimed to have been sold and delivered by plaintiff and one James Woodworth, to defendants. Wool worth assigned his claim to plaintiff. The referee found that defendants were a foreign house, doing business in Canada and England; that they employed one J. D. Murphy, a commission merchant, doing business in this city, as their agent, to purchase goods for them on their orders, paying him a commission therefor ; that said Murphy, as such commission merchant, purchased in his own name the goods mentioned in the 'complaint, and that the contract of sale was made with the agent as principal debtor, and not with defendants.
The question presented is purely a question of fact.
*451 The evidence strongly tends to establish that the plaintiff contracted with the agent Murphy, and not with the defendants. The plaintiff knew, at the time of the sale, that this agent Murphy had been ordered by the defendants to purchase these goods. But did the plaintiff at the time of the sale give the credit to the foreign house, the defendants, or to the commission merchant in New York ? It is difficult to reconcile the view, that the credit was given to the defendants, when we find that at the time the plaintiff charged the goods in his books to the commission merchant in New York, with whom he negotiated the sale, and delivered the goods pursuant to his instructions, and to whom he gave the bills thereof, made out against him, and not against the defendants, as the purchaser of them from the plaintiff.
It is somewhat inconsistent with the idea that the .credit was given to the defendants at the time of the sale, that payment for these goods was, at various times, during about two months, demanded by the plaintiff from Murphy, the commission merchant, though he was in a straitened condition, and no communication was made to the defendants on the subject, until about the time this suit was commenced. The defendants had in the meantime, paid Murphy for the goods.
This evidence inclines me to think that the plaintiff had no idea, at the time of the sale, of recourse upon the defendants for payment, but that, having casually learned at that time for whom Murphy was purchasing as a commission merchant in the market, upon his omitting to pay, he presented the claim in suit against the defendants.
If the contract was an absolute one between the plaintiff and Murphy, for the sale of the goods and the giving of the credit to the latter, the law does not provide a way, in case of the latter’s neglect to pay, by *452 which the dealer with him can be substituted involuntarily as the party to respond.
In considering the question in dispute, the referee has had the witnesses, the letters, books and proofs before him. He has had the best opportunity of determining the facts. The evidence in the case sustains the conclusions he arrived at. After considering it, I have been unable to come to any other conclusion than that the goods were sold to Murphy and credit given exclusively to him. There are some exceptions presented in the case, but none that require the granting of a new trial.
The judgment appealed from should be affirmed, with costs.
Freedman, J., concurred.